

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2007

# USA v. Pinkerman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4487

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Pinkerman" (2007). *2007 Decisions.* Paper 1607.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1607

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4487
_____

UNITED STATES OF AMERICA

v.

DOLPH PINKERMAN, III,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 04-cr-00038)
District Judge: Hon. Christopher C. Conner

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2007

Before:  SCIRICA, Chief Judge, FUENTES and CHAGARES, Circuit Judges.

_____

(Filed:  February 16, 2007)

_____

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Dolph Pinkerman pleaded guilty to conspiracy of theft from interstate shipments, in violation of 18 U.S.C. § 371. The District Court sentenced Pinkerman to thirty-three months imprisonment. Pinkerman appeals his sentence, arguing that the District Court erroneously relied on hearsay evidence in its post-Booker sentencing. We find this argument meritless and will affirm.

I.

Because we write solely for the parties, we limit ourselves to describing the facts that are necessary to understand the issue on appeal. Pinkerman pleaded guilty to interstate theft in February of 2004. The District Court conducted a sentencing hearing in October of 2004, in which Pinkerman disputed the amount of loss attributable to his offense and claimed to be involved in only one transaction with a resulting loss of $30,844.00. The District Court heard testimony from an employee of the company from which Pinkerman stole and from a detective. The detective described for the court statements made by Pinkerman's co-conspirators and described documents that indicated Pinkerman participated in multiple incidents of theft. The court relied on the undisputed parts of the pre-sentence report and the testimonial evidence and found that Pinkerman's theft resulted in $896,000.00 in loss.[1] The court calculated the sentencing range under the

_____

[1] The court indicated that it considered the detective's testimony regarding his review of relevant documents, but the court specifically declared that it did "not consider[] evidence implicating testimonial hearsay." App. at 174. Because testimonial descriptions of documents would still be testimonial hearsay, we assume by this statement

then-mandatory Sentencing Guidelines as thirty-three to forty-one months, based on an offense level of twenty and a criminal history category of I. The court sentenced Pinkerman to thirty-three months imprisonment.

We vacated that sentence and remanded after United States v. Booker, 543 U.S. 220 (2005). On remand, the District Court again found Pinkerman had an offense level of twenty and criminal history category of I. The court considered the advisory nature of the Guidelines and concluded a thirty-three month sentence was still appropriate.

II.

Pinkerman argues that the District Court violated his Sixth Amendment rights by relying on hearsay in determining the amount of loss because that finding increased his sentence under the Guidelines. Def. Br. at 13. In making this argument Pinkerman depends upon United States v. Booker, 543 U.S. 220 (2005), which held "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (2005). Booker held that judicial fact-finding in a mandatory guidelines regime violated the Sixth Amendment, but remedied that violation by rendering the Guidelines advisory. See id. Under the advisory Guidelines, the Sixth Amendment is not offended by judicial fact-finding. See United States v. Dragon, 471 F.3d 501, 506-07 (3d

_____

the court meant that it did not rely on the detective's testimony describing statements by Pinkerman's co-conspirators.

3

Cir. 2006); United States v. Gunter, 462 F.3d 237, 243-44 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006); United States v. Miller, 417 F.3d 358, 363 (3d Cir. 2005). As we recently explained, now that the Guidelines are advisory, "[n]one of the facts relevant to enhancements or departures under the Guidelines can increase the maximum punishment to which the defendant is exposed." United States v. Grier, No. 05-1698, slip op. at 19 (3d Cir. Feb. 9, 2007) (en banc).

Insofar as Pinkerman contends that reliable hearsay evidence is inappropriate in sentencing proceedings, that contention is inconsistent with our precedent. See United States v. Brothers, 75 F.3d 845, 848 (3d Cir. 1996) ("The sentencing court can give a high level of credence to hearsay statements, going so far as to 'credit hearsay evidence over sworn testimony, especially where there is other evidence to corroborate the inconsistent hearsay statement.'") (quoting United States v. Miele, 989 F.2d 659, 664 (3d Cir.1993)). Pinkerman only cites to the Booker line of cases in his brief, and offers no reason why Booker would have changed our previous holdings regarding hearsay evidence in sentencing proceedings. In fact, in issuing Booker, "there is every reason to believe that the Supreme Court intended that the practices that have guided us and other courts in the twenty years since the Guidelines were first promulgated would continue to govern sentencing in the federal courts." See Grier, slip op. at 9. Sentencing courts could rely on hearsay evidence before Booker, and they can rely on such evidence today. See, e.g., id. at 29 n.9 (noting that the Federal Rules of Evidence do not apply at sentencing). We must reject Pinkerman's argument to the contrary.

4

## III.

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.